UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILIP LEWIS,
                              Plaintiff

                - v -                                         1:04-CV-0152
                                                                              (DNH/RFT)

CITY OF ALBANY POLICE DEPT.,  et al.

                              Defendants
_____

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## ORDER

     On previous occasions, this Court has noted that this case has had more than its fair share of motions to compel from Plaintiff. Dkt. No. 44, Order, date Jan. 11, 2006. [1] To what this Court has come to expect, on the eve of the discovery deadline, Mr. Lewis has served and filed yet another Motion to Compel. Dkt. No. 51. Furthermore, Mr. Lewis has filed a Motion for a Temporary Restraining Order (TRO). Dkt. No. 50. Accordingly, Defendants have served and filed a Response to both Mr. Lewis' Motion to Compel and Motion for a Restraining Order. Dkt. No. 53.

     We, once again, wish to admonish Mr. Lewis not to file any more motions to compel "on the very same items addressed within [the January 11, 2006 Order]" and this Order." Dkt. No. 44 at p. 7. Considering that the discovery deadline has expired, and this Order should be the final resolution on these discovery issues, there should be no further need for a motion of this nature to be submitted ever again to this Court. Notwithstanding this Order's finality as to this case's discovery disputes,

---

[1] In that Order we made the observation that "ostensibly, these motions to compel seem to have a nexus with each other, which seem to elude a final resolution, at least to Plaintiff's satisfaction. Dkt. No. 44 at p. 1.

we will address Lewis' outstanding request seriatim.

### 1. Log Book Containing the Names of Transport Drivers.

This Court addressed this very issue in the Order, dated January 11, 2006. Dkt. No. 44, at item # 10. That ruling should be the law of the case and completely resolve this matter. However, Mr. Lewis has cleverly expounded a new demand within his Motion to Compel in order to gain this same information, which was previously denied him. Now, he seeks "the names of all transport drivers who operated vehicles for the entire day of November 23, 2002" as reflected in the daily log. Dkt. No. 51. Rather than dismiss this request outright for failure to heed this Court's previous ruling, we will address it for the final time in this Order.

Now that the parties have access to the Log Book, which was previously denied to all because of asbestos abatement work at the South Station where the pertinent records were located, and considering that the Plaintiff is currently incarcerated, this Court directs Defendants to make a copy of the Log Book in question for November 23, 2002, redacting any and all confidential information, and mail it to Mr. Lewis at his last known address within thirty (30) days of the receipt of this Order.

### 2. Audio Tapes

Mr. Lewis seeks the tapes of the audio transmissions on November 23, 2002. Defendants note that, unless a request to preserve has been made, all tapes, pursuant to internal policy, are destroyed or reused within six (6) months. Since Mr. Lewis commenced this lawsuit fifteen (15) months after the alleged incident and did not make a request to preserve the tape, the tapes in question have been destroyed.

The Court is aware of the City of Albany's policy to destroy or reuse the tape that may have captured the audio transmissions for a particular date. Because these tapes were destroyed within proper protocol and the Plaintiff did not make a request to preserve said tape prior to the six-month

expiration date, Defendants are neither required to produce what does not exist nor can they be subjected to any sanction for the destruction of the tape. Therefore, Plaintiff's request to compel this item and to be awarded attorney fees are denied.[2]

### 3. Medical Records from Lion Eye Institute

Apparently, Mr. Lewis has asked Defendants to gather his medical records from Lion Eye Institute. Defendants are not obligated to gather Mr. Lewis' medical records unless they were sending him a copy of those records they may have received via a medical authorization from the Plaintiff. However, this issue is moot in that there are no records of any examination of Mr. Lewis conducted by Lion Eye. Thus, this request is likewise denied.

### 4. Temporary Restraining Order

Mr. Lewis asks this Court, pursuant to Federal Rules of Civil Procedure 65(b), to issue a Temporary Restraining Order (TRO) upon the Albany Police Department and to have them refrain from harassing or annoying him for the next twelve months. Dkt. No. 50, Pl.'s Mot. for TRO. This application will be denied for a couple of reasons. First, Mr. Lewis is incarcerated in a state correctional facility rendering it virtually impossible for the City of Albany to bother him even if they so desire. Second, Mr. Lewis failed to meet the requisite elements for such a restraining order. Mr. Lewis has failed to set forth facts to support that immediate and irreparable injury, loss or damage will be visited upon him. In order to granting a restraining order, it cannot be based upon conjecture or surmise, but rather based upon a sufficient allegation of facts. Such proof is lacking in this case. Therefore, we decline Mr. Lewis' request because it is without merit.

Accordingly, it is hereby Ordered that the Plaintiff's Motions (Dkt. No. 50 and 51) are

---

[2] Mr. Lewis would not be entitled to attorney fees insomuch as he is neither an attorney nor represented by one.

**denied**, except Defendants shall provide the Plaintiff within thirty days of the receipt of this Order a redacted copy of the Log Book for November 23, 2002.  It is further Ordered that the Clerk of the Court mail a copy of this Order to Philip Lewis, 03-A-3531, Groveland Correctional Facility, 7000 Sonyea Road, Sonyea, New York 14566.

    IT IS SO ORDERED.

May 22, 2006
Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge